■ In the Matter of HERBERT KALLEN, Doing Business as SMITHTOWN NURSING HOME, SMITHTOWN SENIOR HOME AND SMITHTOWN LODGE, Respondent-Appellant, v DISTRICT 1199 NATIONAL UNION OF HOSPITAL AND HEALTH CARE EMPLOYEES, RWDSU, AFL-CIO, Respondent and Third-Party Petitioner-Appellant. ROBERT P. WHALEN, as Commissioner of the New York State Department of Health, and as Receiver of the Smithtown Nursing Home, Smithtown Senior Home and Smithtown Lodge, et al., Third-Party Respondents-Appellants.—Judgment, Supreme Court, New York County, entered December 12, 1977, in favor of respondent-cross-petitioner-third-party petitioner-appellant District 1199 National Union of Hospital and Health Care employees against third-party respondents Robert P. Whalen, Commissioner of the New York State Department of Health, as receiver of the Smithtown Nursing Home, Smithtown Senior Home and Smithtown Lodge and Harry J. Binder, as designee, and confirming an arbitration award, unanimously modified, on the law, to the extent of also directing entry of judgment against petitioner-cross-respondent-respondent-appellant Herbert Kallen, doing business as Smithtown Nursing Home, Smithtown Senior Home and Smithtown Lodge, and, as so modified, affirmed, without costs and disbursements. Herbert Kallen, as owner and sole proprietor of Smithtown Nursing Home, Smithtown Senior Home and Smithtown Lodge, entered into a collective bargaining agreement with District 1199 covering the period August 1, 1975 to June 30, 1977. The agreement provided for arbitration of disputes arising thereunder. While arbitration was in progress between the parties, Kallen obtained appointment of the Commissioner of the New York State Department of Health as receiver of the afore-mentioned enterprises. In February, 1977, shortly thereafter, the arbitrator rendered an award in favor of District 1199 and directed the employer to pay $62,519.47 to the employees on account of benefits due them on various dates between August 1, 1975 and December 14, 1976. In connection with Kallen's application to vacate the award and District 1199's cross application to confirm the award, the latter initiated a proceeding against the commissioner *in his capacity as receiver* and against his designee in order to hold them liable in addition to Kallen for the moneys due under the award. This step was precautionary, and obviously taken to protect the rights of the Smithtown employees in the event of Kallen's insolvency. Nevertheless, despite its repeated and apt observation that "Kallen is a party to the agreement made by Kallen and the union. The fact that Kallen is no longer in operation of the facility which is still owned by him does not relieve him of his contractual obligations," Special Term issued a judgment on the award only against the commissioner, as receiver, and his designee, in view of their operation and stewardship of these enterprises. The failure to issue a judgment against Kallen is patent, and for the very reasons alluded to by Special Term as set forth above, we remedy this error. We also conclude that on this record Special Term was correct in confirming the arbitration award, Kallen having failed to demonstrate its impropriety. Concur—Sandler, J. P., Lane, Markewich, Lupiano and Bloom, JJ.